1  MICHAEL J. AGOGLIA (CA SBN 154810)
   SETA ARABIAN (CA SBN 223178)
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105-2482
   Telephone: (415) 268-7000
4  Facsimile: (415) 268-7522

5  Attorneys for Defendants
   WMC MORTGAGE CORP., WMC FINANCE CO., APOLLO
6  MANAGEMENT L.P., WMCDIRECT, and GE CONSUMER
   FINANCE
7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

| 12 | Patricia C. Barbera, | Case No. C 04-03738 SBA |
|---|---|---|
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | WMC Mortgage Corp., a California Corporation; WMC Finance Co.; Apollo Management L.P.; WMCDirect; GE Consumer Finance, a unit of General Electric Company; Fairbanks Capital Corp., a Utah Corporation; Fairbanks Capital Holding Corp., a Delaware Corporation; California Land Title Company of Marin, a California business entity; Does 1 through 100, inclusive, | **DEFENDANTS WMC MORTGAGE CORP., WMC FINANCE CO., AND WMCDIRECT'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 20 | Defendants. | Date:   March 1, 2005<br>Time:   1:00 p.m.<br>Court:  The Honorable Saundra B. Armstrong |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION TO DISMISS ..................................................................... 1

POINTS AND AUTHORITIES ......................................................................................................... 1

ISSUES TO BE DECIDED ................................................................................................................ 1

INTRODUCTION .............................................................................................................................. 2

APPLICABLE LEGAL STANDARD ............................................................................................... 3

ARGUMENT ..................................................................................................................................... 4

I.   EACH OF PLAINTIFF'S NINE CAUSES OF ACTION IS BARRED BY THE RELEVANT STATUTE OF LIMITATIONS. ........................................................ 4

    A.   Barbera's CLRA Claim Is Time-Barred. .................................................................. 4

    B.   Barbera's TILA Claim Is Time-Barred. .................................................................... 5

    C.   Barbera's FDCPA Claim Is Time-Barred. ................................................................ 5

    D.   Barbera's Lending Fraud Claim Is Time-Barred. ..................................................... 5

    E.   Barbera's Breach of Contract Claim Is Time-Barred. .............................................. 6

    F.   Barbera's Elder Abuse Claim Is Time-Barred. ......................................................... 6

    G.   Barbera's Usury Claim Is Time-Barred. ................................................................... 7

II.  THE COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY. ............................................................................................................ 7

III. THE COMPLAINT FAILS TO STATE A CLAIM FOR USURY. .................................... 8

IV.  THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FDCPA. ..................... 9

V.   THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF WRITTEN CONTRACT. ..................................................................................................... 11

CONCLUSION ................................................................................................................................ 12

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Albrecht v. Lund*,
    845 F.2d 193 (9th Cir. 1988) .................................................................................................. 9

*Arroyo v. Wheat*,
    591 F. Supp. 136 (D. Nev. 1984) ............................................................................................ 7

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) .................................................................................................. 4

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
    222 Cal. App. 3d 1371 (1990) .............................................................................................. 11

*Conley v. Gibson*,
    355 U.S. 41 (1957) .................................................................................................................. 3

*County of Los Angeles v. Ballerino*,
    99 Cal. 593 (1893) .................................................................................................................. 6

*Covenant Car, Inc. v. Super. Ct.*,
    32 Cal. 4th 771 (2004) ............................................................................................................ 6

*Desaigoudar v. Meyercord*,
    223 F.3d 1020 (9th Cir. 2000) ................................................................................................ 7

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) .................................................................................. 7

*Harrison v. NBD Inc.*,
    968 F. Supp. 837 (E.D.N.Y. 1997) ....................................................................................... 10

*Hewlett-Packard Co. v. Intergraph Corp.*,
    No. C 03-2517 MJJ, 2003 U.S. Dist. LEXIS 26092 (N.D. Cal. Sept. 6, 2003) .................... 11

*In re Calpine Corp. Sec. Litig.*,
    288 F. Supp. 2d 1054 (N.D. Cal. 2003) .............................................................................. 4, 8

*In re GlenFed, Inc. Sec. Litig.*,
    42 F.3d 1541 (9th Cir. 1994) .................................................................................................. 8

*In re VeriFone Sec. Litig.*,
    11 F.3d 865 (9th Cir. 1993) .................................................................................................... 4

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) .................................................................................................. 4

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
    940 F.2d 397 (9th Cir. 1991) .................................................................................................. 7

1  *Lenes v. Dean*,
      64 Cal. App. 3d 845 (1976) ................................................................................................ 9

2  *Levine v. Diamanthuset, Inc.*,
      950 F.2d 1478 (9th Cir. 1991) ............................................................................................. 3

3  *Mack v. S. Bay Beer Distribs., Inc.*,
      798 F.2d 1279 (9th Cir. 1986) ............................................................................................. 9

4  *Richardson v. Reliance Nat'l Indem. Co.*,
      No. C 99-2952 CRB, 2000 WL 284211 (N.D. Cal. Mar. 9, 2000) ..................................... 8

5  *Sallie Mae v. Hanes*,
      181 F.R.D. 629 (S.D. Cal. 1998) ....................................................................................... 11

6  *Sebastian Int'l, Inc. v. Russolillo*,
      128 F. Supp. 2d 630 (C.D. Cal. 2000) ................................................................................ 3

7  *Thomasson v. Bank One, La., N.A.*,
      137 F. Supp. 2d 721 (E.D. La. 2001) ................................................................................ 10

8  *United States v. SmithKline Beecham, Inc.*,
      245 F.3d 1048 (9th Cir. 2001) ............................................................................................. 7

9  *Vess v. Ciba-Giegy Corp.*,
      317 F.3d 1097 (9th Cir. 2003) ......................................................................................... 4, 7

10 *W. Mining Council v. Watt*,
      643 F.2d 618 (9th Cir. 1981) ............................................................................................... 4

11 *W. Pico Furniture Co. v. Pac. Fin. Loans*,
      2 Cal. 3d 594 (1970) ............................................................................................................ 9

**STATUTES**

15 U.S.C.
   §§ 1601 *et seq* .................................................................................................................... 5
   §§ 1602 *et seq* .................................................................................................................... 5
   § 1635(f) ............................................................................................................................. 5
   § 1640(e) ............................................................................................................................. 5
   § 1692a ............................................................................................................................. 10
   § 1692e ............................................................................................................................... 9
   § 1692k(d) .......................................................................................................................... 5
   §§ 1692-1692o .................................................................................................................... 9

Fed. R. Civ. P. 9(b) ................................................................................................................ 7

Cal. Const. art. XV, § 1 .......................................................................................................... 9

Cal. Civ. Proc. Code
   § 337 .................................................................................................................................... 6
   § 338(d) ............................................................................................................................... 6
   § 340(a) ............................................................................................................................... 6

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 1, 2005, at 1 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, defendants WMC Mortgage Corp., WMC Finance Co., and WMCDirect will and hereby do move the Court for an order granting their motion to dismiss the Complaint for failure to state a claim upon which relief can be granted.  This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers on file herein, and such other matters as may be presented to the Court at the time of the hearing.

**POINTS AND AUTHORITIES**

Defendants WMC Mortgage Corp., WMC Finance Co., and WMCDirect (collectively, "WMC")[1] seek dismissal of almost all of plaintiff's claims for failure to bring them within the applicable statute of limitation periods.  In addition, defendants seek dismissal of the sixth cause of action for failure to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b), and dismissal of the fifth (Fair Debt Collection Practices Act), seventh (breach of contract), and ninth (usury) causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**ISSUES TO BE DECIDED**

1.  Are plaintiff's claims barred by the statute of limitations where her allegations relating to origination conduct occurred more than seven years ago, and her allegations relating to servicing conduct occurred more than four years ago?

2.  Does plaintiff fail to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure where plaintiff fails to identify the content of the alleged misrepresentations, the particular person(s) who made the alleged representations, where the

---

[1] Plaintiff makes no allegation regarding any contact or interaction with either WMC Finance Co. or WMCDirect, who appear to be named simply because of their affiliation with WMC Mortgage Corp.  They are improper parties, but will raise those claims later if necessary.

1  statements were made, when the statements were made, or facts indicating why they were false
2  when made?

3        3.      Does WMC qualify for the exemption from usury claims under the California
4  Constitution?

5        4.      Does plaintiff fail to state a claim under the Fair Debt Collection Practices Act
6  where WMC is alleged to be collecting its own loan?

7        5.      Does plaintiff fail to state a claim for breach of contract where plaintiff fails to
8  allege that she herself performed under the contract?

## INTRODUCTION

This is not the first time plaintiff Patricia Barbera has sued WMC based on allegations arising out of a 1997 home loan transaction. Barbera obtained a mortgage loan from defendant WMC Mortgage Corp. in June 1997 to avoid a foreclosure based on the default of her prior loan. When she later faced foreclosure over the WMC loan, Barbera filed a state court action in 2001 against WMC Mortgage Corp. and Millennium Foreclosure Services — known as *Barbera I*. (Request for Judicial Notice ("RJN"), Ex. A.) The parties conducted discovery, including several depositions, interrogatories, and the production of documents. Barbera filed a motion for leave to amend the complaint to add several claims, including class allegations. After the state court denied her leave to amend that action, Barbera simply filed that unsuccessfully proposed amended complaint in state court as a new action — known as *Barbera II*. Defendants then removed that action, which is now pending before this Court.[2]

Plaintiff asserts the following causes of action in *Barbera II*: (1) violation of California Business & Professions Code section 17200 *et seq.*; (2) violation of the California Consumer Legal Remedies Act; (3) violation of the Truth in Lending Act; (4) violation of the Real Estate Settlement Procedures Act; (5) violation of the Fair Debt Collection Practices Act; (6) lending fraud; (7) breach of contract; (8) elder abuse; and (9) usury.

---

[2] On December 13, 2004, Barbera voluntarily dismissed all claims against Apollo Management L.P. and GE Consumer Finance.

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES    2
CASE NO. C 04-03738 SBA
sf-1848539

Each of these causes of action is barred by the applicable statute of limitations, though WMC will reserve its challenge to two of them until later.[3] In addition, WMC challenges four claims which suffer from other threshold pleading deficiencies. More specifically, Barbera fails to plead her fraud claim with the particularity required by Federal Rule of Civil Procedure 9(b). Her usury claim is barred because WMC is exempt from California's usury provisions, and her claim under the Fair Debt Collection Practices Act is barred because WMC is a "creditor," not a "debt collector." Finally, Barbera fails to plead that she performed under her contract with WMC or that her nonperformance was excused, which is an essential element of her breach of contract claim.

Barbera has no excuse for failing to plead sufficient facts to state her fraud and breach of contract claims. She has had ample opportunity to identify facts sufficient to plead viable claims, if they existed, through the discovery in her state court case. Because of the deficiencies in her complaint, the court should grant this motion to dismiss in its entirety, and dismiss with prejudice counts 2-3 and 5-9 of the complaint.

## APPLICABLE LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Sebastian Int'l, Inc. v. Russolillo*, 128 F. Supp. 2d 630, 633 (C.D. Cal. 2000). The Court may dismiss a complaint pursuant to Rule 12(b)(6) if "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957));

---

[3] Plaintiff's first (UCL) and fourth (RESPA) causes of action in part allege that defendants did not respond to certain "qualified written requests" — terms with particular meaning under RESPA — until 2002. (Compl. ¶ 21.) Although those claims accrued far earlier, to avoid any confusion, WMC has decided to defer the statute of limitations challenge to those allegations.

As the concurrently filed summary judgment motion by defendant Fairbanks Capital Corporation ("Fairbanks") details, Fairbanks took over the servicing of Barbera's loan by July 2000, and plaintiff's claims relating to Fairbanks's servicing conduct, including any alleged failures to respond to "qualified written requests" during that time period, were the subject of a class action release to which Barbera is subject. WMC anticipates filing a dispositive motion as to the RESPA and UCL claims involving "qualified written requests" once the Court has decided whether all post-July 2000 conduct alleged here has been released per Fairbanks's summary judgment motion.

1  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (dismissal "can be based on
2  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable
3  legal theory"). "Conclusory allegations of law and unwarranted inferences are insufficient to
4  defeat a motion to dismiss for failure to state a claim." *In re VeriFone Sec. Litig.*, 11 F.3d 865,
5  868 (9th Cir. 1993). Legal conclusions that are cast as factual allegations need not be accepted as
6  true. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

7      A motion to dismiss under Federal Rule of Civil Procedure 9(b) "is governed by the same
8  standard applicable to Rule 12(b)(6)." *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054,
9  1075 (N.D. Cal. 2003); *see also Vess v. Ciba-Giegy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003)
10 (motion to dismiss "under Rule 9(b) for failure to plead [fraud] with particularity is the functional
11 equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim").

12 **ARGUMENT**

13 **I.  EACH OF PLAINTIFF'S NINE CAUSES OF ACTION IS BARRED BY THE RELEVANT STATUTE OF LIMITATIONS.**
14

15 Barbera's Complaint arises out of the origination of her loan and its subsequent servicing.
16 Barbera executed the WMC loan documents on June 12, 1997. (Compl. ¶ 14.) For all claims at
17 issue in this motion, the most recent WMC conduct alleged to have occurred is April 11, 2000.
18 (Compl. ¶¶ 13-26.) Because Barbera filed her Complaint on July 23, 2004 — more than seven
19 years after her claims relating to origination conduct occurred, and more than four years after the
20 last of her allegations relating to servicing conduct occurred — her claims are barred by the
21 applicable statute of limitations period. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.
22 1980) ("If the running of the statute is apparent on the face of the complaint, the defense may be
23 raised by a motion to dismiss"). WMC addresses the applicable statute of limitations for the
24 claims at issue below.

25 **A.  Barbera's CLRA Claim Is Time-Barred.**

26 Barbera's second cause of action alleges that WMC violated Civil Code section 1770,
27 subsections (a)(8), (9), (13), (14), (16), and (19), of the California Consumer Legal Remedies Act,
28 Civil Code section 1750 *et seq.* ("CLRA"). (Compl. ¶ 28.) This claim is subject to the three-year

1  statute of limitations set forth at Civil Code section 1783.  That section states: "Any action

2  brought under the specific provisions of Section 1770 shall be commenced not more than three

3  years from the date of the commission of such method, act, or practice."  The allegations related

4  to this claim are based on incidents that took place before April 2000, over three years before

5  plaintiff filed the July 2004 Complaint.  Barbera's CLRA claim is therefore barred by the statute

6  of limitations.

### B.     Barbera's TILA Claim Is Time-Barred.

8  Barbera's third cause of action seeks to rescind her loan transaction for alleged violations

9  of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA").  The timeliness of this claim is

10  governed by 15 U.S.C. § 1635(f), which provides that an obligor's right of rescission expires

11  three years after the date of consummation of the transaction, at the latest.  Because Barbera

12  executed the loan documents in June 1997 and did not file her Complaint until July 2004, her

13  rescission claim is time-barred.

14  Barbera additionally requests the remedy of civil penalties available for violations of

15  TILA.  Any claim for civil penalties under TILA is subject to the one-year statute of limitations

16  contained within 15 U.S.C. § 1640(e).  Because Barbera's TILA claim is based on a transaction

17  that took place in June 1997, this claim is also untimely.

### C.     Barbera's FDCPA Claim Is Time-Barred.

19  Barbera's fifth cause of action alleges violation of the Federal Fair Debt Collection

20  Practices Act, 15 U.S.C. §§ 1602 *et seq.* ("FDCPA").  Claims for violation of the FDCPA must

21  be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).

22  Barbera alleges that WMC violated the FDCPA by providing her with improper or inaccurate

23  accounting.  (Compl. ¶ 51.)  The allegations related to plaintiff's FDCPA claim are based on

24  incidents that took place before April 2000, well over a year before she filed the July 2004

25  Complaint.  Thus, plaintiff's FDCPA claim is time-barred.

### D.     Barbera's Lending Fraud Claim Is Time-Barred.

27  Barbera's sixth cause of action alleges that "[a]t the time WMC made to plaintiff the home

28  loan," WMC misrepresented that its periodic loan statements and accounting procedures would be

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES      5
CASE NO. C 04-03738 SBA
sf-1848539

truthful and accurate. (Compl. ¶ 55.) California provides a three-year statute of limitations for fraud. Cal. Civ. Proc. Code § 338(d). Barbera's fraud claim is based on an alleged misrepresentation at the time the loan was made in June 1997, more than seven years before she filed her Complaint. Her fraud claim is therefore barred by the statute of limitations.

### E. Barbera's Breach of Contract Claim Is Time-Barred.

Plaintiff's seventh cause of action for breach of contract alleges that WMC breached the loan agreement "by declaring the loan in default, by demanding that plaintiff pay charges that were not due under the loan, and by attempting to exercise foreclosure rights given to WMC in the mortgage securing [the] loan." (Compl. ¶ 62.) These incidents occurred on or before April 11, 2000, more than four years before she filed her Complaint. (Compl. ¶¶ 15-18, 23, 25-26.) Accordingly, this claim is barred by the four-year statute of limitations period set forth at California Code of Civil Procedure section 337.

### F. Barbera's Elder Abuse Claim Is Time-Barred.

Barbera's eighth cause of action for elder abuse is subject to either the one-year statute of limitations for statutory penalties, found in California Code of Civil Procedure section 340(a), or the four-year statute of limitations found in the catch-all provision in California Code of Civil Procedure section 343. Section 340(a) provides that a one-year limitations period applies to any action providing for a "penalty or forfeiture," unless the statute provides otherwise. The California Supreme Court recently recognized that the enhanced remedies for elder abuse are tantamount to a penalty. *Covenant Care, Inc. v. Super. Ct.*, 32 Cal. 4th 771, 789 (2004) ("[I]n order to obtain the [Elder Abuse] Act's heightened remedies, a plaintiff must allege conduct essentially equivalent to conduct that would support recovery of punitive damages."). *See also County of Los Angeles v. Ballerino*, 99 Cal. 593, 596 (1893) (a remedy is a penalty if it acts as "punishment for some act which is in the nature of a public wrong"). The allegations related to this claim are based on incidents that took place before April 2000, over four years before she filed the July 2004 Complaint. Her elder abuse claim is thus barred by the statute of limitations.

### G.  Barbera's Usury Claim Is Time-Barred.

Barbera's ninth cause of action alleges that the interest rate charged by WMC for her loan "was usurious as that term is defined and applied by the California Constitution." (Compl. ¶ 70.) Her usury claim is subject to the four-year statute of limitations found in the catch-all provision in California Code of Civil Procedure section 343. Because plaintiff's usury claim is based on the interest rate on the WMC loan she obtained on June 12, 1997 — over seven years before she filed the Complaint on July 23, 2004 — this claim is barred by the statute of limitations.

### II.  THE COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY.

A plaintiff must plead fraud in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) provides that "[i]n all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity." The Ninth Circuit has interpreted this standard to mean that fraud must be pled "with a high degree of meticulousness." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000). Under Rule 9(b), plaintiff must allege "'the who, what, when, where and how' of the misconduct charged." *Vess v. Ciba-Giegy Corp.*, 317 F.3d at 1106 (citation omitted). Plaintiff must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in the scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

Here, Barbera alleges fraud in only the most conclusory fashion. She says that "[a]t the time WMC made to plaintiff the home loan which is the subject of this Complaint, WMC made various representations to plaintiff, including without limitation that WMC would service plaintiff's loan honestly and fairly and accurately, using accurate accounting procedures, and would send to plaintiff accurate statements regarding loan payments, loan balances, escrow charges, and other loan charges stated in connection with WMC's loan to plaintiff." (Compl. ¶ 55.) This allegation falls far short of the particularity required by Rule 9(b). Nowhere does Barbera allege the specific content of each of the "various" alleged misrepresentations, who made it, when it was made, where it was made, or how it was made (in writing or orally). *Arroyo v. Wheat*, 591 F. Supp. 136, 139 (D. Nev. 1984) (plaintiff must identify the document or statement that contains the alleged misrepresentation); *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F.

1  Supp. 2d 1086, 1094 (C.D. Cal. 1999) ("[A] pleader must identify the individual who made the

2  alleged representation and the content of the alleged representation"). For these reasons,

3  Barbera's sixth cause of action for fraud must be dismissed. *See United States v. SmithKline*

4  *Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (determining that plaintiff's claim against

5  defendant for falsified test results failed to satisfy Rule 9(b) because plaintiff did not "specify the

6  types of tests implicated in the alleged fraud, identify the [defendant's] employees who performed

7  the tests, or provide any dates, times, or places the tests were conducted").

8  Moreover, Rule 9(b) also requires that a plaintiff "set forth, as part of the circumstances

9  constituting fraud, an explanation as to why the disputed statement was untrue or misleading

10  *when made*." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548-49 (9th Cir. 1994) (emphasis

11  original); *see also In re Calpine*, 288 F. Supp. 2d at 1075 (same). A plaintiff may satisfy this "by

12  pointing to inconsistent contemporaneous statements or information . . . which were made by or

13  available to the defendants." *GlenFed*, 42 F.3d at 1549; *Richardson v. Reliance Nat'l Indem. Co.*,

14  No. C 99-2952 CRB, 2000 WL 284211, at **4-5 (N.D. Cal. Mar. 9, 2000). Barbera fails to meet

15  this requirement of Rule 9(b) as well. Having neglected to identify any specific

16  misrepresentations, Barbera not surprisingly does not allege any facts indicating why each such

17  alleged misrepresentation was untrue when made. It is not enough that the subsequent accounting

18  of her loan was allegedly inaccurate. Under *GlenFed*, Barbera must allege specific facts

19  indicating that at the time each of the alleged misrepresentations was made — here, at the time

20  WMC made the loan to plaintiff — it was intentionally false. Barbera's fraud claim should be

21  dismissed for the additional reason that she fails to allege facts stating why the alleged statements

22  were false and misleading when made.

23  **III.   THE COMPLAINT FAILS TO STATE A CLAIM FOR USURY.**

24  As discussed in Section I.G above, plaintiff's usury claim is time barred, but even if it

25  were not, she still could not prevail because WMC was exempt from California usury provisions.

26  Barbera alleges that the "interest rate charged by defendants for the WMC loan . . . was usurious

27  as that term is defined and applied by the California Constitution." (Compl. ¶ 70.) The

28  California Constitution sets the usury limits for various types of loans, and it permits certain

exemptions from the usury restrictions. Specifically, it exempts "any loans made or arranged by any person licensed as a real estate broker by the State of California and secured in whole or in part by liens on real property." Cal. Const. art. XV, § 1. At the time of Barbera's loan, WMC was licensed as a real estate broker by the State of California, (RJN, Ex. B),[4] and the loan was secured by a lien on Barbera's home. (Compl. ¶ 12.) As such, WMC was not subject to California usury provisions when it made Barbera the loan.

The express exemption insulates WMC not only from a statutory usury claim, but also from common law claims, to recover claimed usurious interest. As the California Supreme Court explained: "It must necessarily follow that the exemption of the enumerated classes from the restrictions of the Usury Law has at the same time made them immune to actions grounded upon common law remedies existing prior to the Usury Law." *W. Pico Furniture Co. v. Pac. Fin. Loans*, 2 Cal. 3d 594, 615 (1970).

Where, as here, a transaction is statutorily exempted from the usury laws, a motion to dismiss is appropriate. *See, e.g., Lenes v. Dean*, 64 Cal. App. 3d 845 (1976) (sustaining a demurrer without leave to amend a complaint where statutory exemption from the usury laws applied to the transaction). Accordingly, the Court should dismiss Barbera's usury claim without leave to amend. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (leave to amend may be denied "if amendment of the complaint would be futile"). Barbera cannot allege any facts that would show that WMC is subject to California usury provisions.

### IV. THE COMPLAINT FAILS TO STATE A CLAIM UNDER THE FDCPA.

As discussed in Section I.C above, plaintiff's FDCPA claim is time barred. But even if it were not, plaintiff still could not prevail because the FDCPA does not apply to parties, such as WMC, who are alleged to be collecting their own debt. The FDCPA, 15 U.S.C. §§ 1692-1692o, applies only to "debt collectors." *See, e.g.*, 15 U.S.C. § 1692e ("A *debt collector* may not use any false, deceptive, or misleading representation or means in connection with the collection of any

---

[4] A court may take judicial notice of facts outside a pleading on a motion to dismiss. *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

1  debt.") (emphasis added).  "The term 'debt collector' means any person who . . . regularly collects
2  or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due
3  *another*."  *Id*. § 1692a(6) (emphasis added).  In other words, an entity seeking to collect its own
4  debts is not a debt collector, but instead a "creditor" to whom the FDCPA does not apply.  *See id*.
5  § 1692a(4) ("The term 'creditor' means any person who offers or extends credit creating a debt or
6  to whom a debt is owed . . . .").
7       In distinguishing between "creditors" and "debt collectors," and specifying that the
8  FDCPA applies only to the latter,

> Congress targeted situations where natural constraints would fail to
> inhibit debt collection practices:
>
> "Unlike creditors, who generally are restrained by the desire to
> protect their good will when collecting past due accounts,
> independent collectors are likely to have no future contact with the
> consumer and often are unconcerned with the consumer's opinion
> of them."

*Harrison v. NBD Inc.*, 968 F. Supp. 837, 841 (E.D.N.Y. 1997) (quoting S. Rep. No. 95-382, at 2
(1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696).

     Here, plaintiff alleges that WMC is the company that initially extended her credit in the form of a mortgage loan.  (Compl. ¶ 13.)  Barbera's FDCPA claim relates to alleged violations while WMC was collecting payment on that loan.  (Compl. ¶ 51.)  Because WMC initially extended the credit, it is not an FDCPA "debt collector" but rather a "creditor."  15 U.S.C. § 1692a(6), (4), and plaintiff cannot state an FDCPA claim against WMC.  *See Thomasson v. Bank One, La., N.A.*, 137 F. Supp. 2d 721, 723-24 (E.D. La. 2001) (Court granted motion to dismiss FDCPA claim on ground that defendant Bank One was not a "debt collector" where plaintiffs "complain[ed] that Bank One attempted to collect on outstanding loan payments owed by [plaintiff] to Bank One.  In collecting on its own debts, Bank One does not meet the criteria of a 'debt collector' pursuant to the FDCPA.").  Accordingly, the Court should dismiss Barbera's FDCPA claim without leave to amend.  She cannot allege any facts that would show that WMC is subject to the FDCPA.

## V.     THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF WRITTEN CONTRACT.

Barbera's seventh cause of action for breach of contract is based on her written loan agreement with WMC.  To state a claim for breach of contract, Barbera must plead the following elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff."  *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990).  The Complaint does not properly allege all the requisite elements of a breach of contract claim against WMC.

Barbera alleges that under the contract, WMC promised that she would have thirty years to repay the loan as long as she made timely monthly payments.  (Comp. ¶ 61.)  She alleges that WMC breached the written contract "by declaring the loan in default, by demanding that plaintiff pay charges that were not due under the loan, and by attempting to exercise foreclosure rights given to WMC in the mortgage securing [the] loan."  (Comp. ¶ 62.)  However, Barbera fails to allege that she performed under the contract, or that her nonperformance was excused.

Accordingly, the Court should dismiss Barbera's seventh cause of action because she fails to plead the second element of breach of contract.  *Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517 MJJ, 2003 U.S. Dist. LEXIS 26092, at **8-9 (N.D. Cal. Sept. 6, 2003) (granting defendant's motion to dismiss because plaintiff failed to plead an element of its claim); *Sallie Mae v. Hanes,* 181 F.R.D. 629, 634 (S.D. Cal. 1998) ("The Court will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action.").

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES      11
CASE NO. C 04-03738 SBA
sf-1848539

## CONCLUSION

For the foregoing reasons, WMC Mortgage Corp., WMC Finance Co., and WMCDirect's motion to dismiss the Complaint should be granted in its entirety.

Dated: January 10, 2005

MICHAEL J. AGOGLIA
SETA ARABIAN
MORRISON & FOERSTER LLP

By: /s/ Michael J. Agoglia
Michael J. Agoglia

Attorneys for Defendants
WMC MORTGAGE CORP., WMC FINANCE CO., APOLLO MANAGEMENT L.P., WMCDIRECT, and GE CONSUMER FINANCE

I, Michael J. Agoglia, am the ECF User whose ID and password are being used to file this Motion to Dismiss.

By: /s/Michael J. Agoglia
Michael J. Agoglia