IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BARBERA, | No. C 04-3738 SBA |
| Plaintiff, | **ORDER** |
| v. | |
| WMC MORTGAGE CORP., et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Patricia Barbera's Motion for Leave to Amend and Defendants Fairbanks Capital Corporation and Fairbanks Capital Holding Corporation's (collectively "Fairbanks") Motion for Entry of Final Judgment pursuant to Fed. R. Civ. P. 54. Having read and considered the arguments presented by the parties in their moving papers, the Court finds this matter appropriate for disposition without a hearing. The Court HEREBY DENIES Plaintiff's Motion to Amend and GRANTS Fairbanks' Motion for Entry of Final Judgment.

## **BACKGROUND**

On September 3, 2004, this action was removed from San Francisco Superior Court. Plaintiff filed the instant lawsuit alleging improper and illegal conduct by Defendants in the "manner in which they handle mortgage loans on residential property in California." (Complaint, ¶ 1.) On January 7, 2005, after several stipulated extensions of time to respond to the Complaint, Defendant California Land Title of Marin ("Cal Land") filed an Answer to the Complaint.

On January 10, 2005, Fairbanks filed a Motion for Summary Judgment, in which it claimed that

1    Plaintiff's suit was barred under the principles of res judicata and release because Plaintiff was a member of
2    a nationwide class action, which challenged the same conduct, and was subsequently settled.  Plaintiff did
3    not dispute that she was a member of the prior class action against Fairbanks, which involved identical
4    claims, and ended in a final judgment on the merits.  Instead, Plaintiff claimed she was not bound by the
5    prior judgment or release because she did not receive actual notice of the settlement.  Defendants WMC
6    Mortgage, WMC Finance, and WMC Direct ("WMC") sought to join in Fairbanks' Motion for Summary
7    Judgment.[1]

8    On March 7, 2005, the Court granted Fairbanks' Motion for Summary Judgment, finding that
9    Plaintiff's claims against Fairbanks were barred by the doctrines of res judicata and release.  [Docket No.
10   71.]  The Court, however, denied WMC's request to join in Fairbanks' motion because the parties were
11   not similarly situated.  On March 15, 2005, Plaintiff filed a First Amended Complaint ("FAC").  The FAC
12   includes additional allegations against Defendant WMC, an additional cause of action for an accounting
13   against WMC and Fairbanks, names Cal Land in the third cause of action for violations of, inter alia, the
14   Truth in Lending Act, and adds two additional causes of action against Cal Land for breach of fiduciary
15   duty and negligence.[2]  On March 21, 2005, Fairbanks filed a Motion for Entry of Final Judgment pursuant
16   to Fed. R. Civ. P. 54, and noticed the Motion for hearing on April 26, 2005.  On April 12, 2005, one-
17   week after the deadline for filing an Opposition, Plaintiff filed her Opposition to Fairbanks' Motion for
18   Entry of Final Judgment.  The Opposition asserts that entry of final judgment is inappropriate because of
19   Plaintiff's March 15, 2005 filing of the FAC.  On April 18, 2005, Fairbanks filed a reply.

20   Also on April 12, 2005, Plaintiff filed a Motion for Leave to Amend the FAC, and attached a
21   proposed Second Amended Complaint ("SAC").  In her Request for Leave to Amend the FAC, Plaintiff

---

[1] Also on January 10, 2005, WMC filed a Motion to Dismiss.  On February 2, 2005, Plaintiff moved to continue both the hearing on WMC's Motion to Dismiss and Fairbanks' Motion for Summary Judgment.  On February 4, 2005, Defendants filed a consolidated response to Plaintiff's request in which they asserted that they were willing to accommodate Plaintiff's request to continue the Motion to Dismiss, but not the hearing on the Motion for Summary Judgment.  After considering the arguments presented by the parties, the Court granted Plaintiff's request to continue the hearing on WMC's Motion to Dismiss and denied Plaintiff's request to continue the hearing on Fairbanks' Motion for Summary Judgment.

[2] The FAC also names Select Portfolio Servicing, Inc. ("SPS") as a defendant, and suggests that this is the new name of Fairbanks Capital Corp. (FAC, ¶ 5.)  Fairbanks, however, does not call itself SPS in its papers.

2

seeks to add allegations against Fairbanks. The new allegations assert, in conclusory fashion, that Fairbanks' violations of the Consumer Legal Remedies Act, Real Estate Settlement Procedures Act and Debt Collections Practices Act each occurred subsequent to December 10, 2003. (SAC, ¶¶ 37, 46, & 51.)[3] On April 26, 2005, Cal Land filed an Opposition to Plaintiff's Motion for Leave to Amend, asserting that the FAC was improperly filed without leave to amend because Cal Land had answered. Cal Land also argued that Plaintiff's request for leave to file both the FAC and the SAC should be denied.

## I. Leave to Amend

### A. Legal Standard

According to Federal Rule of Civil Procedure 15(a):

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Leave to amend a complaint "should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). The Court can consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." Moore v. Kayport Package Express, 885 F.2d 531, 538 (9th Cir. 1989). Leave to amend is properly denied "where the amendment would be futile." DeSoto v. Yellow Freight Sys., 957 F.2d 655, 658 (9th Cir. 1992). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

### B. Discussion

#### 1. First Amended Complaint

---

[3]The SAC also includes a general allegation that Plaintiff "seeks remedies for harm caused by [Fairbanks] subsequent to December 10, 2003." (SAC, ¶ 5.)

Plaintiff filed the FAC on March 15, 2005. Plaintiff did not seek leave to amend the Complaint.[4] The FAC added allegations against Fairbanks, WMC, and Cal Land. Ordinarily, a plaintiff may amend his or her complaint once, as of right, any time prior to the filing of responsive pleadings. Fed. R. Civ. P. 15(a). A plaintiff can amend claims once as a matter of right against a defendant who has not filed a responsive pleading, even if other defendants have filed a responsive pleading. Barksdale v. King, 699 F.2d 744, 747 (5th Cir. 1983). A motion to dismiss a complaint is not a responsive pleading. Miles v. Dep't of Army, 881 F.2d 777, 781 (9th Cir.1989).

### a.   WMC

WMC filed a motion to dismiss prior to the filing of the FAC, but did not file an answer.[5] Thus, it is clear that Defendant WMC did not file a responsive pleading prior to the filing of the FAC. Accordingly, Plaintiff's amendments to claims against WMC were appropriately made as a matter of right.

### b.   Fairbanks

"A litigant cannot amend as a matter of right under Rule 15(a) after a summary judgment has been rendered." Wright & Miller, Federal Practice and Procedure, § 2712; McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978); Clardy v. Duke University, 299 F.2d 368, 370 (4th Cir. 1962). Thus, while no leave to amend may have been required to amend claims against WMC, leave was required to amend claims against Fairbanks.[6] Accordingly, the Court next evaluates whether Plaintiff should be granted leave to amend claims made against Fairbanks.

The only substantive allegations added in the FAC against Fairbanks relate to a new cause of action

---

[4] As discussed supra, Plaintiff seeks leave to amend the FAC, not the Complaint. However, in her motion for leave to amend the FAC, Plaintiff addresses her failure to seek leave to amend the Complaint. Plaintiff asserts that no leave was required to file the FAC against WMC and Fairbanks, but acknowledges that leave was required to amend claims against Cal Land. (Motion for Leave, 5-6.)

[5] On March 23, 2005, the Court denied WMC's Motion to Dismiss as moot. [Docket No. 82].

[6] In her Motion for Leave, Plaintiff does not cite cases to the contrary. Instead, she cites cases holding that a complaint can be amended as of right following the granting of a motion to *dismiss*. (Motion for Leave, 3-4.) The only case she cites relating to summary judgment is one in which the Ninth Circuit determined that a district court could simply strike a motion for leave to amend where summary judgment had been granted and entered, and that amendment as a matter of right was also unavailable under those circumstances. (Id. (citing Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996).) Lindauer does not hold that a plaintiff may amend as of right against a party who has obtained summary judgment of all claims made against it.

4

for an accounting. However, a cause of action against Fairbanks for an accounting is meaningless in light of the fact that the Court has granted summary judgment in Fairbanks' favor as to the underlying substantive claims. In the March 7, 2005 Order, the Court found that the settlement in a previous class action barred Plaintiff's claims against Fairbanks under the doctrines of res judicata and release. (March 7, 2005 Order at 7-10.) The Court has already granted Fairbanks summary judgment on the causes of action for which Plaintiff seeks an accounting of damages. Accordingly, because leave to amend claims against Fairbanks is required, and because granting leave in this instance would be futile, the Court strikes the additional allegations made against Fairbanks in the FAC. Bonin, 59 F.3d at 845.

### c.    Cal Land

Cal Land filed an answer to the Complaint on January 7, 2005. Thus, Plaintiff must be granted leave in order to amend claims made against Cal Land.

The FAC adds Cal Land as a named defendant to the Third Cause of Action for violation of the Truth in Lending Act ("TILA"), Home Ownership and Equity Protection Act ("HOEPA"), and Regulation Z, and adds two additional causes of action against Cal Land for breach of fiduciary duty and negligence. In each of the three causes of action, Plaintiff asserts that Cal Land failed to provide to her a mandated written three-day right to cancel notice and failed to provide "accurate disclosures." (FAC ¶¶ 42, 82, & 87.)

Cal Land asserts that the FAC was filed in error and leave to file it should be denied. Cal Land asserts that amendment would be futile because an escrow holder cannot be liable for violation of the provisions of the Truth in Lending Act, HOEPA, and Regulation Z that Plaintiff relies upon. (Opp. to Motion for Leave, 4.) Cal Land also asserts that although it owes a fiduciary duty to the parties involved in an escrow, such duties are limited. (Id.)

> An escrow holder, as a dual agent of the parties to the escrow, owes duties to the parties to the escrow. However, those duties are limited. [] The primary duty owed by an escrow holder is to strictly and faithfully perform the instructions given to it by the parties to the escrow.

Vournas v. Fidelity Nat. Tit. Ins. Co., 73 Cal. App. 4th 668, 674 (1999)). "An escrow holder has no general duty to police the affairs of its depositors, however. [] An escrow holder's agency is limited to

5

faithful compliance with instructions." Claussen v. First American Title Guaranty Co., 186 Cal. App. 3d 429, 435-436 (1986).

In the FAC, Plaintiff for the first time names Cal Land in the third cause of action for violations of TILA, HOEPA, and Regulation Z. (FAC, ¶ 43.) First, these provisions apply to creditors or those who "offer and extend credit," not to escrow holders. 15 U.S.C. § 1635(a), the provision of TILA that Plaintiff relies upon, states that:

> Disclosure of obligor's right to rescind. Except as otherwise provided in this section, in the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title [15 USCS §§ 1601 et seq.], whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. ***The creditor shall clearly and conspicuously disclose,*** in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. ***The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.***

15 U.S.C. § 1635(a) (emphasis added). 15 U.S.C. § 1639, the provision of HOEPA that Plaintiff relies upon, states:

> Specific disclosures. In addition to other disclosures required under this title [15 USCS §§ 1601 et seq.], for each mortgage referred to in section 103(aa) [15 USCS § 1602(aa)], ***the creditor shall provide the following disclosures*** in conspicuous type size . . .

15 U.S.C. § 1639(a)(1) (emphasis added.) Finally, Regulation Z requires a "business which offers or extends credit" to make certain disclosures:

> Purpose. The purpose of this regulation is to promote the informed use of consumer credit by requiring disclosures about its terms and cost. The regulation also gives consumers the right to cancel certain credit transactions that involve a lien on a consumer's principal dwelling, regulates certain credit card practices, and provides a means for fair and timely resolution of credit billing disputes. The regulation does not govern charges for consumer credit. The regulation requires a maximum interest rate to be stated in variable-rate contracts secured by the consumer's dwelling. It also imposes limitations on home equity plans that are subject to the requirements of § 226.5b and mortgages that are subject to the requirements of § 226.32. The regulation prohibits certain acts or practices in connection with credit secured by a consumer's principal dwelling.
>
> (c) Coverage. (1) In general, ***this regulation applies to each individual or business***

6

> *that offers or extends credit* when four conditions are met: (I) The credit is offered or extended to consumers; (ii) the offering or extension of credit is done regularly; n1 (iii) the credit is subject to a finance charge or is payable by a written agreement in more than 4 installments; and (iv) the credit is primarily for personal, family, or household purposes.

12 C.F.R. § 226.1(b) & (c) (emphasis added). While Cal Land specifically identifies these provisions and their inapplicability to Cal Land, Plaintiff makes no attempt in Reply to respond to Cal Land's argument that these provisions do not apply to an escrow holder. Instead she states that Cal Land was acting as a fiduciary of WMC and therefore that it should have delivered certain documents to Plaintiff. (Reply to Motion for Leave, 4.)  However, the FAC fails to allege that Cal Land breached any fiduciary duty it owed to Plaintiff. It does not allege that WMC provided these documents to Cal Land and instructed Cal Land to deliver the documents, or any other "disclosures," to Plaintiff. Thus, Plaintiff's proposed amendments to the FAC against Cal Land fail because: (1) TILA, HOEPA, and Regulation Z do not apply to an escrow holder; and (2) the duties of the escrow are limited to faithfully carrying out the instructions of the principals and there are no allegations that Cal Land was instructed by WMC to provide any documents or to make any disclosures to Plaintiff.

In addition, Cal Land asserts that Plaintiff's claims are barred by the statute of limitations. (Opp. to Motion for Leave, 6.) Under California law, the statute of limitations for escrow liability ranges from two to four years, depending on the theory of recovery. For an action based on a breach of oral instructions, the statute of limitations is two years. Cal. Code Civ. Proc. § 339. For breach of a written escrow instruction, the statute of limitations is four years. Amen v. Merced Title County Title Co., 58 Cal.2d 528, 534 (1962). "The statute of limitations for breach of fiduciary duty is four years." Stallberg v. Western Title Ins. Co., 230 Cal. App. 3d 1223, 1230 (1991) (citing California Civil Code § 343).

Here, the conduct alleged against Cal Land occurred in June 1997. (FAC, ¶ 42.) Plaintiff's FAC was filed on March 15, 2005, nearly eight years after the relevant conduct occurred. In Reply, Plaintiff asserts that the statute of limitations should be tolled because Plaintiff did not discover Cal Land's alleged misconduct until "some ten months prior to the filing of this case in state court." (Reply to Motion for Leave, 5.)[7]  Plaintiff's FAC asserts:

---

[7] Plaintiff's state court action was filed on July 23, 2004, and removed on September 3, 2004. Ten months before July 2004 is September 2003.

7

> Plaintiff did not discover her causes of action against defendants Fairbanks Capital Corp., Fairbanks Capital Holding Corp., and California Land Title Company until approximately ten months ago when defendant WMC produced documents that plaintiff had been requesting for nearly a year pursuant to written discovery.[8]  These documents show that the Fairbanks defendants subsequently became the servicer for plaintiff's loan and that California Land Title Company of Marin had improperly processed escrow documents required for a loan that plaintiff had obtained from WMC.

(FAC, ¶ 10.)  "[T]he doctrine of delayed discovery requires a plaintiff to plead facts showing an excuse for late discovery of the facts underlying his cause of action.  He must show that [he] was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry."  Prudential Home Mortgage Co. v. Superior Court, 66 Cal. App. 4th 1236, 1247 (1998) (internal quotation omitted).  Here, Plaintiff's FAC fails to plead such facts.  As a preliminary matter, the factual predicate for Cal Land's failure to provide her with certain documents should have been known to her in 1997 without the need for discovery – she should have known what she did or did not receive in June 1997 well before September 2003.  Moreover, Paragraph 10 fails to make clear what facts were discovered by Plaintiff that made her aware of her claims against Cal Land.  Plaintiff's reference to "improperly processed escrow documents" fails to put Cal Land on notice of what documents were improperly processed, or what was improper about such processing.  In Reply, Plaintiff asserts that "Cal Land had improperly processed escrow documents, particularly the right to rescind notice."  (Reply to Motion for Leave, 5.)  To the extent Plaintiff asserts that the "improper processing" was the failure to provide the right to rescind notice, Plaintiff should have been aware of this failure long before.  Moreover, as discussed supra, there are no factual allegations suggesting that Cal Land breached any duty to provide Plaintiff with the right to rescind notice.  Accordingly, because leave to amend claims against Cal Land is required, and because granting leave in this instance would be futile, the Court strikes the additional allegations made against Cal Land in the FAC.  Bonin, 59 F.3d at 845.

### 2. **Proposed Second Amended Complaint**

In her Request for Leave to Amend the FAC, Plaintiff seeks to add allegations against Fairbanks.  The new allegations assert, in conclusory fashion, that Fairbanks' violation of the Consumer Legal

---

[8] Although not entirely clear, it appears that this discovery related to an earlier action between Plaintiff and WMC.

Remedies Act, Real Estate Settlement Procedures Act and Debt Collections Practices Act, each occurred subsequent to December 10, 2003. (SAC, ¶¶ 37, 46, & 51.) However, Plaintiff does not allege any facts whatsoever in support of these assertions – Plaintiff fails to describe any acts committed by Fairbanks that occurred subsequent to December 10, 2003.[9] Accordingly, Plaintiff's proposed amendments to the FAC are futile, and leave to amend is denied.

### C. Conclusion

For the foregoing reasons, the Court strikes those portions of the FAC that add allegations against Fairbanks and Cal Land, and denies Plaintiff's Motion for Leave to amend the FAC.

## II. Fairbanks' Motion for Entry of Final Judgment

### A. Legal Standard

Fed. R. Civ. P. 54(b) allows the district court to sever a final judgment with respect to particular claims (or parties) for an immediate appeal. James v. Price Stern Sloan, 283 F.3d 1064, 1066, n.4 (9th Cir. 2002). Rule 54(b) states:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, in order for Rule 54(b) to apply, there must either be multiple claims or multiple parties involved. Fed. R. Civ. P. 54(b). In addition, the court must determine whether there is a "final judgment" that can be entered. See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7 (1980). For purposes of Rule

---

[9] To the extent that Plaintiff asserts that her harm merely continued subsequent to December 10, 2003 for acts that occurred prior to that time (Declaration of John G. Warner in Support of Motion for Leave to Amend, ¶ 5), this too is barred by the doctrine of release. While acts or omissions by Fairbanks subsequent to December 10, 2003 were not barred by the previous settlement, harms resulting from conduct that occurred between January 1, 1999 and December 10, 2003 are barred. (See Curry Settlement Agreement, ¶¶ 9, 13-14 & 30; March 7, 2005 Order at 5, n. 4.)

54(b), a final judgment is one that disposes of at least one claim in a multi-claim action or at least one party in a multi-party action. See Continental Airlines, Inc., 819 F.2d at 1524; Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996); (citing Wright & Miller, Federal Practice and Procedure, § 2656).

Once the district court determines that there is a final judgment, the Court next determines whether there is any just reason for delay. Curtis-Wright Corp., 446 U.S. at 8. In deciding whether there are no just reasons to delay the appeal of individual final judgments, a district court "must take into account judicial administrative interests as well as the equities involved." Id., (internal quotation omitted). at 797-98 (internal quotation omitted). This determination by the district court is granted deference because "it is the one most likely to be familiar with the case and with any justifiable reasons for delay." Texaco, Inc. v. Ponsoldt, 939 F.2d 794, 797 (9th Cir. 1991) (quotations omitted).

**B.     Discussion**

### 1.     Timeliness of Plaintiff's Opposition

Fairbanks asserts that Plaintiff's Opposition to its Motion for Entry of Final Judgment was untimely and should be stricken. (See Motion for Entry of Final Judgment, 1.) Pursuant to Local Rule 7-3, an Opposition to a Motion must be filed 21 days prior to the date of the hearing. In the instant case, Fairbanks' motion was set to be heard on April 26, 2005.[10] Thus, any Opposition was due on April 5, 2005. Plaintiff, however, filed her Opposition on April 12, 2005, and did not seek leave to file such Opposition late. Accordingly, Plaintiff's Opposition is stricken.

### 2.     Merits of Fairbanks' Motion

Nonetheless, the Court evaluates the merits of Fairbanks' Motion. Fairbanks asserts that entry of final judgment is appropriate because the Court's March 7, 2005 Order resolved all of Plaintiff's claims against Fairbanks. (Id.)

First, entry of final judgment is appropriate because this is an action with multiple parties, and the Court's March 7, 2005 Order resolved all claims against one of those parties, Fairbanks. See Fed. R. Civ. P. 54(b). Moreover, as discussed supra, Plaintiff has been denied leave to amend the Complaint as to

---

[10] On April 18, 2005, the Court continued the hearing to May 17, 2005 so that this motion could be adjudicated at the same time as Plaintiff's Motion for Leave to Amend.

10

claims against Fairbanks. Accordingly, all claims against Fairbanks have been resolved in its favor.

Second, there is no just reason for delaying entry of final judgment. In evaluating whether there is no just reason for delay, the Court must consider both the preservation of judicial economy as well as the equities involved. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980). In the instant case, entry of final judgment will serve judicial economy by streamlining the litigation and focusing the litigation on the remaining defendants. Alcan Aluminum Corp. v. Carlsberg Financial Corp., 689 F.2d 815, 817 (9th Cir. 1982). Moreover, the balance of the equities also favors entry of final judgment because Fairbanks will be required to unnecessarily wait for the adjudication of claims against the remaining defendants, despite the fact that its defenses of res judicata and release bar Plaintiff's claims against Fairbanks. Meanwhile, even if the Court were to consider Plaintiff's Opposition, it fails to identify any prejudice that Plaintiff will suffer as a result of entry of final judgment. Accordingly, the Court finds that entry of final judgment in favor of Fairbanks is appropriate in the instant action.

## **CONCLUSION**

For the foregoing reasons, the Court STRIKES those portions of the FAC that add allegations against Fairbanks and Cal Land, and DENIES Plaintiff's Motion for Leave to Amend. Plaintiff is ordered to file a Second Amended Complaint that removes the stricken allegations within 15 days from the date of this Order. The Court also GRANTS Fairbanks' Motion for Entry of Final Judgment.

The Case Management Conference is CONTINUED TO **July 27, 2005 at 3:30 p.m.**, and will proceed **telephonically**. The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 5-26-05

/s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge